IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN ALEXANDER STEGIENT, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-03523-D (BT) |
| § | |
| ERIC D. WILSON, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ryan Alexander Stegient, a former federal prisoner, filed a petition for writ of habeas corpus under 28 U. S. C. § 2241, challenging the calculation of his federal sentence credit. The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U. S. C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the petition as moot.

I.

On February 2, 2018, Stegient was arrested by the Alvarado Police Department in Alvarado, Texas for failure to identify as a fugitive and the intent to give false information in case number M201800353 and the manufacture or delivery of a controlled substance in case number 201800590. On March 8, 2018, Johnson

1

County Court No. 2 sentenced him in case number M201800353 to a month and five days with credit for time served beginning on February 2, 2018. Stegient remained in custody due to the pending charges in case number 201800590. On March 15, 2018, the Somervell County Sheriff's Department served a warrant on Stegient for credit or debit card abuse in case number 18-00870.

On July 31, 2018, Stegient was temporarily taken into federal custody via a writ of habeas corpus *ad prosequendum*. On March 15, 2019, the United States District Court for the Northern District of Texas sentenced Stegient to thirty-seven months' imprisonment for possession with intent to distribute methamphetamine in case number 3:18-cr-00328-D(4). On March 26, 2019, Stegient was returned to state custody, and a detainer was lodged against him for his federal sentence.

On June 3, 2019, the court in Somervell County dismissed case number 18-00870, and two days later, the court in Johnson County dismissed case number 201800590. Stegient remained in state custody due to the charges pending in case number 1525881.

On July 15, 2019, the 372nd District Court in Fort Worth, Texas sentenced Stegient to twelve months of jail time for burglary of a

building in case number 1525881 and twelve months of jail time for possession of a controlled substance in case number 1525910, to begin on February 22, 2018. The court dismissed the theft of property charge in case number 1531663. On July 18, 2019, the Texas Department of Criminal Justice (TDCJ) found that Stegient should be given credit for time he spent in custody beginning on February 22, 2018, and it determined he completed his sentences in case numbers 1525881 and 1525910 on February 21, 2019.

On July 31, 2019, Stegient was released from the custody of TDCJ and delivered to the custody of the United States Marshals Service. His federal sentence was determined to commence on July 31, 2019. Stegient filed his federal habeas petition on December 1, 2020, arguing that he has not received credit toward his federal sentence for the time he spent in custody on the writ of habeas corpus *ad prosequendum* from August 1, 2018, through March 26, 2019. On March 1, 2021, Respondent filed a response arguing that Stegient's petition should be dismissed because he did not exhaust his administrative remedies and he is not entitled to the relief he seeks. On November 12, 2021, Respondent filed a notice stating that Stegient was released from the

custody of the Bureau of Prisons (BOP) on November 5, 2021. Stegient has not filed any response.

## II.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U. S. 9, 12 (1992) (citing *Mills v. Green*, 159 U. S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, Stegient's release from the BOP provided him the relief he ultimately sought in his petition. The petition should therefore be dismissed as moot. *See Bailey v. Southerland*, 821 F. 2d 277, 278-79 (5th Cir. 1987) (per curiam) (holding that a federal prisoner's appeal from the denial of a § 2241 petition seeking the expungement of disciplinary reports and restoration of good time credit was moot because the court could not provide him with relief after he was released and the prisoner did not allege that he was subject to future consequences because of the incident report).

## III.

For the foregoing reasons, the petition should be DISMISSED as moot.

4

SO RECOMMENDED.

Signed November 12, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U. S. C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).